[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10375

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 12, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00367-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO FERNANDO GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 12, 2009)

Before TJOFLAT and BLACK, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

_____

* Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

Gustavo Fernando Garcia appeals the district court's denial of his pro se request for grand jury testimony. Because Garcia failed to show that the requirements of Federal Rule of Criminal Procedure 6(e)(3)(E) were met or that there was a particularized need for the transcripts, we affirm the district court.

I.

On May 8, 1997, a federal grand jury returned an indictment charging Garcia and co-defendant Julio Moreno, in Count 1, with conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and, in Count 2, with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a). Moreno pled guilty. A jury found Garcia guilty on both counts, and the district court sentenced him to 188 months of imprisonment and five years of supervised release. We affirmed his convictions on July 22, 1999. United States v. Garcia, 190 F.3d 542 (11th Cir. 1999) (unpublished table decision). On September 18, 2000, Garcia, proceeding pro se, moved the district court to vacate his convictions pursuant to 28 U.S.C. § 2255 on the ground that his attorney rendered ineffective assistance of counsel. The court denied the motion. On May 25, 2004, still proceeding pro se, he moved the district court to "correct" his sentence under Federal Rule of Criminal Procedure 35. The court denied that motion as well.

On December 19, 2006, Garcia moved the district court pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E) to produce the transcripts of the grand jury proceedings that resulted in his indictment. He needed the transcripts, he averred, "to support [his] claim that such crime for which [he] was convicted, never existed, but on the contrary, such false crime was Malicious Planned, Fabricated, Organized and Directed since the beginning to the end by various dishonest DEA agents involved . . . and co[]vered up by the prosecutor . . . in the case, and some INS officers."[1] Specifically, Garcia claimed that the grand jury transcripts would show that the government informant in his case was the person actually responsible for placing the heroin in Garcia's vehicle.

On December 21, 2006, the district court entered an order dismissing the motion for lack of jurisdiction, presumably because no case or other matter concerning Garcia was pending before the court and, alternatively, denying the motion on its merits. This appeal followed.

## II.

"[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil Co. of Cal. v. Petrol Stops

---

[1] Garcia's motion does not describe the proceeding in which Garcia intends to prosecute his "claim." We assume that he would bring it in a second 28 U.S.C. § 2255 motion.

Northwest, 441 U.S. 211, 218, 99 S. Ct. 1667, 1672, 60 L. Ed. 2d 156 (1979).

Rule 6(e) codifies this expectation of secrecy except in the limited circumstances

provided for in subsection (e)(3). Fed. R. Crim. P. 6(e). The potentially

applicable exception here, Rule 6(e)(3)(E)(i), permits disclosure of grand jury

matter, even after the grand jury has been released, if it is sought "preliminarily to

or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).[2]

Garcia argues that because he may use information contained in the grand

jury transcripts to establish a second motion under 28 U.S.C. § 2255, his request

for the transcripts is "preliminarily to" a judicial proceeding. However, the

Supreme Court has held that the "preliminary to" exception

> contemplates only uses related fairly directly to some identifiable
> litigation, pending or anticipated. Thus, it is not enough to show that
> some litigation may emerge from the matter in which the material is
> to be used, or even that litigation is factually likely to emerge. The
> focus is on the actual use to be made of the material. If the primary
> purpose of disclosure is not to assist in preparation or conduct of a
> judicial proceeding, disclosure . . . is not permitted.

United States v. Baggot, 463 U.S. 476, 480, 103 S. Ct. 3164, 3167, 77 L. Ed. 2d

785 (1983) (emphasis in original).

---

[2] The other exceptions under which a court may authorize disclosure are: "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury"; at the request of the government for use in an official criminal investigation by a foreign court or prosecutor; or if the grand jury matter may disclose a violation of state, Indian tribal, foreign, or military criminal law. Fed R. Crim. P. 6(e)(3)(E)(ii)-(v). None of these exceptions are presented here.

Here, there is no pending proceeding, nor has Garcia identified any actual use of grand jury material to support anticipated litigation. Moreover, Garcia will not be able to file a second § 2255 motion unless he receives authorization from this court after showing (i) newly discovered evidence sufficient to establish by clear and convincing evidence that no reasonable jury would have convicted him or (ii) a new rule of constitutional law, made retroactively applicable to cases on collateral review, by the Supreme Court. 28 U.S.C. § 2255(h); id. § 2244. At oral argument before this panel, Garcia's attorney conceded that the requested grand jury materials may not contain any newly discovered evidence because the information Garcia seeks regarding the government informant was presented at Moreno's plea hearing. There is also no suggestion that the contents of the grand jury transcripts relate to any new rule of constitutional law. Thus, as Garcia is likely unable to make the requisite showings to achieve authorization for a second § 2255 motion, obtaining the grand jury materials would not fairly relate directly to future litigation.

Even if we assume that Garcia had met the basic requirements of Rule 6(e)(3)(E), parties seeking disclosure must show: (1) "that the material they seek is needed to avoid a possible injustice in another judicial proceeding"; (2) "that the need for disclosure is greater than the need for continued secrecy"; and (3) "that

5

their request is structured to cover only material so needed." Douglas Oil, 441 U.S. at 222, 99 S. Ct. at 1674; United States v. Aisenberg, 358 F.3d 1327, 1348 (11th Cir. 2004). A party seeking grand jury material must show a "particularized need" for the documents; generalized allegations will not suffice. United States v. Burke, 856 F.2d 1492, 1496 (11th Cir. 1988) (per curiam). In other words, grand jury testimony may not be released for the "purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information." United Kingdom v. United States, 238 F.3d 1312, 1321 (11th Cir. 2001) (quoting United States v. Rockwell Int'l Corp., 173 F.3d 757, 760 (10th Cir. 1999)).

Here, Garcia has provided no more than unsubstantiated claims and bare allegations to support his request. He has made no showing of particularized need for any portions of the grand jury transcripts, nor has he tailored his request to cover only the material needed. We, thus, find no abuse of discretion in the district court's denial of Garcia's request for grand jury materials.[3]

AFFIRMED.

---

[3] In disposing of this appeal on the ground that Garcia failed to make a case for disclosure under rule 6(e)(3)(E)(i), we pretermit a decision on whether the district court had jurisdiction to entertain Garcia's motion.